COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     Leslie Kenneth Holte, II v. The State of Texas

Appellate case number:   01-12-00338-CR

Trial court case number: 1318785

Trial court:             263rd District Court of Harris County, Texas

Appellant's trial counsel, Anthony Green, represented to the trial court in the notice of appeal that he would continue to represent appellant on appeal, but also requested that appellant be appointed counsel on appeal. He did not request that appellant receive a free record on appeal. Trial counsel, retained or appointed, has a duty to represent the client throughout the appellate process in a criminal case until permitted to withdraw by the trial court. *See Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) (en banc). The trial court signed the order form attached to the notice of appeal, but the order form was blank. The record reflects that appellant is indigent and entitled to appointed counsel on appeal, and may be entitled to a free record on appeal.

Accordingly, we abate this appeal and remove it from this Court's active docket.

We direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, Anthony Green, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

At the hearing, the trial court shall determine whether appellant is entitled to a free record on appeal, and shall determine who will represent appellant on appeal.

The trial court shall issue a written order indicating whether appellant is indigent and entitled to a free record on appeal.

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

If Anthony Green intends to continue representing appellant on appeal, the trial court shall issue an order indicating that Anthony Green remains appellant's counsel on appeal. If Anthony Green desires to withdraw from representing appellant, the trial court shall determine whether there is good cause to permit Anthony Green to withdraw from representing appellant. If there is not good cause, the trial court shall issue an order indicating that Anthony Green remains appellant's counsel on appeal. If there is good cause for Anthony Green to withdraw, the trial court shall issue an order appointing appellate counsel for appellant.

**The trial court's findings on these issues must be contained in a written order, and not a docket sheet.** The trial court shall have a court reporter record the hearing, and a reporter's record of the hearing shall be filed in this court **within 30 days of the date of this order**. A supplemental clerk's record containing the trial court's order shall be filed with the Clerk of this Court **within 30 days of the date of this order.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the abatement hearing are filed in this Court. **The court coordinator of the trial court shall set a hearing date and notify the parties of such date.**

It is so ORDERED.


Judge's signature: /s/ Justice Huddle
                              ☒ Acting individually     ☐ Acting for the Court


Date: August 30, 2012